IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE LEON MARTIN,   No. 2:10-CV-1017-CMK

    Plaintiff,

  vs.   <u>ORDER</u>

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

        Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment was entered on September 29, 2010. Pending before the court is plaintiff's opposed motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA") (Doc. 33).

        Plaintiff seeks an award of $10,266.50 representing 58.25 hours of work. Defendant objects to any award, arguing that its position was substantially justified. To the extent the court disagrees, defendant argues that the amount requested is unreasonable.

        Under 28 U.S.C. § 2412(d)(1)(A), the court may authorize an award of fees and

expenses to a prevailing party "unless the court finds that the position of the United States was substantially justified. . . ." See also Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). The Supreme Court has defined "substantial justification" as:

> . . . 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.
>
> Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The government's position need not be correct to be substantially justified in law and fact. See id. at 566 n.2. "Substantial justification" also does not require that the government's position is "justified to a high degree"; rather, the standard is satisfied if there is a "genuine dispute." See id. at 565.

In determining whether the government's position was substantially justified, the court reviews both the underlying governmental action being defended in the litigation (i.e., the agency's decision to deny social security benefits) and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987). Where the underlying governmental action was not itself substantially justified, it is not necessary to determine whether the government's position in the litigation was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the government's decision to defend them was substantially justified." Sampson v. Chater, 103 F.2d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d at 570).

In this case, the government argues:

> This court and the Ninth Circuit came to different conclusions on the single issue of whether a standing and walking restriction of four hours was at odds with a light work restriction, which allows standing and

>walking for six hours – a two-hour difference (citations to record omitted). Dr. Steiner, as this court and the Commissioner noted, additionally opined that Plaintiff was precluded only from "substantial work" – and not all work.  As mentioned, this court found that the restrictions were not inconsistent, and the Ninth Circuit found that they were only "potentially inconsistent."  These two decisions, when considered together, suggest that the Commissioner was not unreasonable in finding Plaintiff not disabled and in defending that decision. . . .

Plaintiff argues that, while the government discusses whether its position was factually justified, its position was not legally justified.  Specifically, plaintiff states that the Ninth Circuit reversed in this case based on the conclusion that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Steiner's assessment.  According to plaintiff, the failure to meet the legal requirement of providing specific and legitimate reasons for rejecting Dr. Steiner's assessment constituted legal error not discussed by the government in its substantial justification analysis.

The court finds that plaintiff's argument is not persuasive.  Plaintiff is correct that, ultimately, the Ninth Circuit concluded that the case should be remanded because the ALJ's decision was not supported by proper legal analysis, that conclusion was based entirely on a factual issue – whether Dr. Steiner ever assessed a limitation which the ALJ rejected.  This court concluded that Dr. Steiner did not because his assessed limitations were not inconsistent with the doctor's overall finding that plaintiff could perform "substantial work."  The Ninth Circuit's disagreement with this conclusion does not render the factual dispute in this case any less genuine.  As stated above, the government's position need not be correct to be reasonable.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for an award of fees under the EAJA (Doc. 33) is denied.

DATED:  February 5, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3